JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
CLAUDIO ARRIOLA, BRANDON ARRIOLA, and CLAUDIO        18 CV
ARRIOLA as father and natural guardian of PA and CA,
                                                                                                 **COMPLAINT**

        Plaintiffs,
                                                                                                 **PLAINTIFFS**
                                                                                                 **DEMAND A**
                                                                                                 **TRIAL BY JURY**

   - against -

SERGEANT ERIC FLORIO, POLICE OFFICER BJONDIN
SKENDER, POLICE OFFICER JOSEPH TASS,
LIEUTENANT ROBERT NICHOLSON, and SERGEANT
MICHAEL GARGAN,
        Defendants
-------------------------------------------------------------------------------X

  Plaintiffs, CLAUDIO ARRIOLA, BRANDON ARRIOLA, and CLAUDIO ARRIOLA as father and natural guardian of PA and CAA, by their attorneys GOLDBERG & ALLEN, LLP, as and for their complaint against Defendants, allege as follows:

### PARTIES, JURISDICTION and VENUE

  1. Plaintiff, CLAUDIO ARRIOLA, is a 52 year old male and is a legal resident of the United States, residing in Bronx County.  CLAUDIO ARRIOLA is the father of the other plaintiffs and the natural guardian of the minors, PA and CAA.

  2. Plaintiff BRANDON ARRIOLA, is an 20 year old male and is a citizen of the United States, residing in Bronx County.

1

3. Plaintiff PA, is a female minor and is a citizen of the United States, residing in Bronx County.

4. Plaintiff CAA, is a male minor and is a citizen of the United States, residing in Bronx County.

5. Upon information and belief, Defendant SERGEANT ERIC FLORIO, was at all times a Supervising Police Officer with the NYPD believed to have been assigned as the Field Intelligence Officer at the 47th Precinct. FLORIO is being sued in both his official and individual capacity.

6. Upon information and belief, Defendant POLICE OFFICER BJONDIN SKENDER, was at all times a Police Officer with the NYPD believed to have been assigned as the Field Intelligence Officer at the 47th Precinct. SKENDER is being sued in both his official and individual capacity.

7. Upon information and belief, Defendant POLICE OFFICER JOSEPH TASS, was at all times a Police Officer with the NYPD believed to have been assigned as the Field Intelligence Officer at the 47th Precinct. TASS is being sued in both his official and individual capacity.

8. Upon information and belief, Defendant LIEUTENANT ROBERT NICHOLSON, was at all times a Supervising Police Officer with the NYPD believed to have been assigned as a supervisor of the Field Intelligence Officers at the 47th Precinct. NICHOLSON is being sued in both his official and individual capacity.

9. Upon information and belief, Defendant SERGEANT MICHAEL GARGAN, was at all times a Police Officer with the NYPD believed to have been assigned as the Supervising Officer of an Emergency Services Unit [ESU] team. GARGAN is being

sued in both his official and individual capacity.

10. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

11. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

12. The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

13. On January 16, 2015, at approximately 5:00 a.m., Plaintiffs were at their residence at the second floor apartment of 947 East 229th Street, Bronx, NY.

14. CLAUDIO and CAA were in the living room of the apartment; BRANDON and PA were in their respective bedrooms.

15. At that time, GARGAN and other officers under his direct supervision, using what is believed to be a ram, broke down the front door of the apartment.

16. After breaking the door, GARGAN and other officers under his direct supervision, entered with guns drawn and pointed at CLAUDIO and CAA.

17. GARGAN and other officers under his direct supervision then ordered CLAUDIO and CAA, at gunpoint, to get to their knees on the living room floor and place their hands in the air.

18. GARGAN or another officers under his direct supervision then placed CLAUDIO in handcuffs; both CLAUDIO and CAA were ordered to remain kneeling on the floor.

19. GARGAN or other officers under his direct supervision entered PA's

bedroom and ordered her, at gun point, to put her hands in the air.

20. After a cursory search of her room, PA was brought at gunpoint into the living room and allowed to sit on the couch.

21. After forcibly breaking the door of BRANDON's bedroom, GARGAN and other officers under his direct supervision entered the room and, with all three pointing their guns at BRANDON, ordered him to get out of bed and to walk backwards towards them.

22. BRANDON was then brought to the living room and placed in handcuffs.

23. Plaintiffs told GARGAN and other officers under his direct supervision that there must be a mistake and that the officers were in the wrong apartment.

24. GARGAN and other officers under his direct supervision continued to search the apartment without ever exhibiting a warrant or providing any information as to whom or what they were looking for.

25. After approximately forty minutes in the apartment, FLORIO entered the apartment and stated that "these are not he people we are looking for."

26. Subsequent to that, after approximately an hour in the apartment, the defendants removed the handcuffs from CLAUDIO and BRANDON and left the apartment.

27. Plaintiffs subsequently learned that the entry into the apartment was made pursuant to a warrant unlawfully obtained by Defendants FLORIO, SKENDER, TASS NICHOLSON, and issued by the Honorable Dakota Ramseur, New York Supreme Court, Bronx County.

28. Upon information and belief, the application for the warrant targeted a specific person who was alleged to be in the unlawful possession of a handgun.

29. Defendants FLORIO, SKENDER, TASS and NICHOLSON, working together and apart developed information from a Confidential Informant that the targeted person resided in the ground floor apartment within 947 East 229th Street.

30. Defendants FLORIO, SKENDER, TASS and NICHOLSON, working together and apart developed information that there were multiple apartments within 947 East 229th Street.

31. Defendants FLORIO, SKENDER, TASS and NICHOLSON knew or should have known that the location was a multi-family residence.

32. Nevertheless, Defendants FLORIO, SKENDER, TASS and NICHOLSON, intentionally or with reckless disregard for the truth, misled the issuing judge and informed her that the location was a single family home and thereby sought and obtained authority to enter and search all the residences therein.

33. Plaintiffs suffered and continue to suffer emotional and psychological injuries as a result of this incident.

**FIRST CLAIM**
(§ 1983: Unlawful Search and Seizure)

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. The entry into the Plaintiffs' home without lawful process or other justifiable reason constituted an unlawful search and seizure, in violation of the Fourth

and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, Defendants FLORIO, SKENDER, TASS, NICHOLSON and GARGAN caused Plaintiffs to suffer emotional distress, mental anguish and the loss of their constitutional rights.

## SECOND CLAIM
(§1983: False Arrest)

37. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated herein.

38. Plaintiffs were detained and arrested without their consent and without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. By reason thereof, Defendants FLORIO, SKENDER, TASS, NICHOLSON and GARGAN caused Plaintiffs to suffer emotional distress, mental anguish and the loss of their constitutional rights.

## THIRD CLAIM
(§1983: Excessive Force)

40. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41. The forcible entry into the home and the seizure of all the Plaintiffs at gunpoint constituted the use of unnecessary and excessive force in the performance of the defendants' police duties and under color of law.

42.     By reason thereof, Defendants FLORIO, SKENDER, TASS, NICHOLSON, and GARGAN caused Plaintiffs to suffer emotional distress, mental anguish and the loss of their constitutional rights.

### FOURTH CLAIM
(§1983: Excessive Force)

43.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42 of the Complaint as if incorporated and reiterated herein.

44.     By forcing CLAUDIO and CAA at gunpoint to kneel on the floor in a submissive position, the defendants used unnecessary and excessive force in the performance of their police duties and under color of law.

45.     By reason thereof, Defendants FLORIO, SKENDER, TASS, NICHOLSON, and GARGAN caused Plaintiffs CLAUDIO and CAA to suffer emotional distress, mental anguish and the loss of their constitutional rights.

### FIFTH CLAIM
(§1983: Excessive Force)

46.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 45 of the Complaint as if incorporated and reiterated herein.

47.     By handcuffing CLAUDIO and BRANDON without probable cause, the defendants used unnecessary and excessive force in the performance of their police duties and under color of law.

48.     By reason thereof, Defendants FLORIO, SKENDER, TASS, NICHOLSON, and GARGAN caused Plaintiffs CLAUDIO and BRANDON to suffer emotional distress, mental anguish and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vii) Such other relief as the Court deems just and proper.

viii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action;

ix) Such other relief as the Court deems just and proper.

Dated: New York, New York
January 11, 2018

                                  Goldberg & Allen, LLP
                                  Attorneys for Plaintiff

By: *Jay K Goldberg*

                                  Jay K. Goldberg [JG-1294]
                                  49 West 37th Street, 7th Floor
                                  New York, New York 10018
                                  (212) 766-3366
                                  email: jkgoldberg@goldbergandallen.com